UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS G. PAYNE, | ) | CIV. 11-5094 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **PLAINTIFF'S MOTION** |
| BELGARDE PROPERTY | ) | **TO COMPEL** |
| SERVICES, INC., | ) | [DOCKET NO. 37] |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff Thomas Payne's complaint against defendant Belgarde Property Services, Inc. alleging various claims that arose out of plaintiff's former employment with defendant. The district court, the Honorable Jeffrey L. Viken, referred this case to this court for the purposes of resolving pending motions and conducting any hearings, including evidentiary hearings, pursuant to 28 U.S.C. § 636(b)(1).

Mr. Payne filed a motion to compel discovery responses for document production and interrogatories. See Docket No. 37. Belgarde Property Services, Inc. ("Belgarde") filed a response to Mr. Payne's motion setting forth explanations of the objections based on privacy concerns. See Docket No. 48.

The parties have since stipulated that the court enter a protective order with restrictions to account for the confidential nature of the requested

1

information and documents. See Docket No. 54. This court did enter the requested protective order. See Docket No. 55. Accordingly, Mr. Payne's requests may now be moot. This court will consider whether any documents or information remain which were not addressed by the protective order.

## A.    Requests for Production

Mr. Payne sent the following requests for production of documents on August 13, 2012:

(1)   "Originals or copies of all statements and documents pertaining to allegations by Mr. Payne regarding his former supervisor, Kevin Jeffries."

(2a)  "Originals or copies of my complaints which may have been filed internally where applicable."

(2b)  "Copies of investigative notes, copies, or warnings provided to my supervisor, Kevin Jeffries, or to his supervisor, Deana Fulton. Copies of the personnel files of my supervisor, Kevin Jeffries, and his supervisor, Deana Fulton regarding complaints by other employees or tenants."

(2c)  "Also requested are copies of employee handbooks or manuals and relevant complaint policies that were in effect anytime during plaintiffs [sic] employment with Belgarde." See Docket No. 37-2.

Belgarde explained its responses and objections to Mr. Payne's requests and interrogatories in its response to plaintiff's motion to compel. See Docket No. 48. As for the documents pertaining to Mr. Payne's allegations (Request for Production 1), Belgarde objected to any documents prepared in preparation for litigation as non-discoverable work product or as protected by attorney-client privilege. See Docket No. 48 at 11.

2

Federal Rule of Civil Procedure 33 provides that a party may object to interrogatories:

> The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. FED. R. CIV. P. 33(b)(4).

The court finds Belgarde's objection is proper because Belgarde specifically explained the grounds for objecting and the circumstances under which Belgarde would produce any relevant documents. The only discoverable document relevant to this request which Belgarde had not provided to Mr. Payne was an affidavit contained in Kevin Jeffries' personnel file. Id. Belgarde agreed to produce this document once the court issued a protective order. As the court has entered such protective order, this request for production is now moot. See Docket Nos. 54 and 55.

Belgarde asserted it was not aware of any internally filed complaints by Mr. Payne (Request for Production 2a) other than those it had previously provided. Id. Belgarde agreed to produce complaints, if any, located in employee personnel files (Request for Production 2b) once this court issued a protective order. Id. at 12. Finally, Belgarde advised Mr. Payne that handbooks, manuals, and complaint policies (Request for Production 2c) had already been produced. Id. As the parties have stipulated to the restrictions of a protective order and the court has entered such a protective order, these

requests for production are now moot.  See Docket Nos. 54 and 55.

All of the documents Mr. Payne requested have already been provided to Mr. Payne, fall into non-discoverable material, or were produced subsequent to this court's entry of the protection order.  Therefore, Mr. Payne's motion to compel is denied as moot as to the requests for production of documents.

**B.    Interrogatories**

Mr. Payne set forth his list of interrogatories on August 13, 2012:

(1)   "State your full name; place of birth; your address at the time of the 'subject incidents;' your present address; your occupation and employer."

(2)   "Do you have knowledge of or have in your possession any notes, reports of conversations or interviews pertaining to any of the issues in this case?"

(3)   "Did you ever give any statements either oral or written affidavits concerning the claims or assertions made by Mr. Payne?"

(4)   "Please state the substance or any declarations made by you that may substantiate Mr. Payne's claims against your employer. IE: conversations between you and Mr. Payne that may have been recorded."

(5)   "Are there any witnesses that you expect to call that would be categorized as 'expert witnesses' at this trial?"

(6)   "Identify the name and address of all those who are aware of the existence [sic] of any and all documents pertaining to the allegations the plaintiff has made against your employer and supervisors."

(7)   "Identify all documents that will be offered by you and Belgarde at trial."

(8)   "Please state your employment history prior to your employment

with Belgarde."

(9) "In the 10 year period prior to your employment by Belgarde did you consult or were you examined by or treated by any medical, psychological and/or counseling health care practioner [sic]?"

(10) "Have you ever filed a lawsuit or been involved in a lawsuit?"

(11) "Have you ever been charged or convicted of a felony?"

(12) "Have you ever been charged or convicted of a misdemeanor?"

See Docket No. 37-3.

Mr. Payne directs his interrogatories to "Belgarde Property Services and My Former Co-workers, Supervisors, and Management," and lists several persons "named in defendant's initial disclosure statement as witnesses having discoverable information." See Docket No. 37-3. These individuals include Belgarde employees Beverly Bocano, Carol Cotton, Deana Fulton, Kevin Jeffries, Josh Hale, Chad Lindgrin, Mark Besiglia, Brenda Benson, and Abbie Turner, as well as Leon Martin, an owner of Belgarde. Id.

Rule 33(b)(1) provides:

Responding Party. The interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent who must furnish the information available to the party. FED. R. CIV. P. 33(b)(1).

Because the listed employees are not parties to the lawsuit, they are not required to respond to Mr. Payne's interrogatories. Belgarde answered all interrogatories on behalf of the corporate entity and began all responses to the

5

interrogatories with a general objection, stating in part:

> Belgarde Property Services, Inc., as the named party defendant will be answering and producing all discoverable information known to the corporation and contained within its corporate files. Belgarde has interviewed its current employees and former employees as to the relevant information obtained as a result of their employment with Belgarde which relates to Mr. Payne's claims. Any such discoverable information has or will be produced. However, Belgarde will not interview its current and former employees as to their personal information or knowledge outside the sphere of their duties and obligations of employment with Belgarde.

See Docket No. 48 at 4.

As to the names and addresses Mr. Payne requested (Interrogatory 1), Belgarde answered this interrogatory on behalf of the corporation. See id. at 6-7. Belgarde also noted that it previously provided the telephone numbers and employment addresses of the non-party witnesses (including the last known address for Deana Fulton) to Mr. Payne. Id. at 6. Belgarde objected as to the relevance of providing the birth places of the non-party witnesses. Id. at 7. As discussed above, non-party witnesses are not required to respond to interrogatories. Rule 26(b) sets forth the applicable standard for the scope of discovery, including interrogatories:

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

(b) Discovery Scope and Limits.

> **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature,

6

custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)©.

**(2)** *Limitations on Frequency and Extent.*
>   **(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. **By order or local rule, the court may also limit the number of requests under Rule 36.**
>
>   **(B)** ***Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)©. The court may specify conditions for the discovery.**
>   **© *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:**
>>       **(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;**
>>       **(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or**
>>       **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See FED. R. CIV. P. 26(b).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2007 (2d ed. 1994) (hereinafter "Wright & Miller"). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Wright & Miller, § 2007, 96 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 392, 91 L. Ed. 2d 451 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. Id. at 95; see also FED. R. CIV. P. 26(b), 32, and 33. Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.

The advisory committee's note to the 2000 amendments to Rule 26(b)(1) provide guidance on how courts should define the scope of discovery in a particular case:

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant

to the subject matter of the action. The good-cause standard
warranting broader discovery is meant to be flexible.

The Committee intends that the parties and the court focus on the
actual claims and defenses involved in the action. The dividing
line between information relevant to the claims and defenses and
that relevant only to the subject matter of the action cannot be
defined with precision. A variety of types of information not
directly pertinent to the incident in suit could be relevant to the
claims or defenses raised in a given action. For example, other
incidents of the same type, or involving the same product, could be
properly discoverable under the revised standard. … In each case,
the determination whether such information is discoverable
because it is relevant to the claims or defenses depends on the
circumstances of the pending action.

The rule change signals to the court that it has the authority to
confine discovery to the claims and defenses asserted in the
pleadings, and signals to the parties that they have no entitlement
to discovery to develop new claims or defenses that are not already
identified in the pleadings. … When judicial intervention is
invoked, the actual scope of discovery should be determined
according to the reasonable needs of the action. The court may
permit broader discovery in a particular case depending on the
circumstances of the case, the nature of the claims and defenses,
and the scope of the discovery requested.

See Fed. R. Civ. P. 26(b)(1) advisory committee's note.

The same advisory committee's note further clarifies that information is discoverable only if it is relevant to the claims or defenses of the case or, upon a showing of good cause, to the subject matter of the case. Id. "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy … encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" E.E.O.C. v. Woodmen of the World

9

Life Ins. Society, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

Discoverable information itself need not be admissible at trial; rather, "discovery of such material is permitted if reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1) advisory committee's note.

Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is privileged or otherwise protected from discovery. Penford Corp. v. National Union Fire Ins. Co., 265 F.R.D. 430, 433 (N.D. Iowa 2009); St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000). The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive," is insufficient to carry the resisting party's

10

burden–that party must make a specific showing of reasons *why* the relevant discovery should not be had.  Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Rule 26(b) limits the scope of discovery to relevant information, which "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  The birth places of non-party witnesses do not appear reasonably calculated to lead to discovery of admissible evidence.  Furthermore, Belgarde has answered this interrogatory on behalf of the corporate entity, which is all that is required by law.  Belgarde has complied with Rule 33 by providing, or promising to do so upon the issuance of the protective order, the information available to the officer or agent answering the interrogatories.  See FED. R. CIV. P. 33(b)(1).  Mr. Payne's motion to compel is moot as to this interrogatory.

As to the interrogatories regarding any conversations or statements made concerning Mr. Payne's claims (Interrogatories 2 and 3), Belgarde asserted its general objection, explaining that some conversations or statements made by employees may fall outside the scope of employment.  See Docket No. 48 at 7. Belgarde stated that the relevant conversations and statements made in the scope of employment are protected as non-discoverable attorney work product and by the attorney-client privilege.  See id.  Belgarde attorneys prepared

memoranda of interviews of employees concerning Mr. Payne's claims.  See id.
Belgarde listed these withheld memoranda in a Vaughn Index provided to
Mr. Payne.  The court finds Belgarde's objections are proper under Rule
33(b)(4) because the objections were stated with specificity.  See FED. R. CIV. P.
33(b)(4).  These documents were prepared after Mr. Payne's lawsuit was filed in
order for Belgarde to prepare for litigation.  See Docket No. 48 at 7-8.
Therefore, Mr. Payne's motion to compel is denied as to this interrogatory.
Belgarde has produced sufficient information to establish the nature of the
privilege it asserts.  It is for Mr. Payne to carry the burden of showing why that
privilege should not apply.  He has not carried his burden of so showing.

In response to Mr. Payne's interrogatory regarding declarations against
Belgarde (Interrogatory 4), Belgarde does not believe that any such declarations
exist.  See id. at 8.  A corporation "must furnish the information available to
the party."  See FED. R. CIV. P. 33(b)(1).  Belgarde cannot provide something
that does not exist.  Mr. Payne's motion to compel is denied as to this
interrogatory.

Belgarde responded to Mr. Payne's interrogatory regarding expert
witnesses (Interrogatory 5) by stating that it does not intend to call any expert
witnesses.  Mr. Payne's motion to compel is denied as to this interrogatory.
Belgarde has fully answered the interrogatory.

Mr. Payne asked Belgarde and the non-party witnesses to "[i]dentify the

name and address of all those who are aware of the existence [sic] of any and all documents pertaining to the allegations the plaintiff has made against your employer and supervisors" (Interrogatory 6).  See Docket No. 37-3.  Belgarde responded with its general objection, stating that it only has a duty to determine discoverable documents made or obtained in the scope of employment.  See Docket No. 48 at 9.  Belgarde stated that any such documents were already provided to Mr. Payne or were listed in the Vaughn index provided to him.  Mr. Payne's motion to compel is denied as to this interrogatory.

Belgarde objected to identifying documents that will be used at trial (Interrogatory 7).  See id. at 9.  As Belgarde noted, this interrogatory only applies to Belgarde, as non-party witnesses may not offer evidence at trial.  Id.  Belgarde objected with specificity that identifying these documents constitutes non-discoverable work product and agreed to produce its exhibits at the time set by the district court.  See FED. R. CIV. P. 33(b)(4).  Mr. Payne's motion to compel is denied as to this interrogatory.

Mr. Payne requested that Belgarde provide the non-party witnesses' employment history prior to working at Belgarde (Interrogatory 8).  See Docket No. 37-3.  Belgarde objected on grounds of relevance, with the exception of Mr. Jeffries, Mr. Payne's supervisor.  See Docket No. 48 at 9.

As to the objection that the production of other employee's work history

is not "reasonably calculated to lead to the discovery of any relevant evidence" the court notes that it is Mr. Payne's initial burden to explain why discovery he is requesting is relevant. Hofer, 981 F.2d at 380. He fails to show why the prior work histories of his co-workers at Belgarde is relevant to a claim or defense in this matter, or will lead to the discovery of information that is relevant.

Belgarde agreed to produce Mr. Jeffries' personnel file upon the issuance of a protective order. Id. As the parties have stipulated to the restrictions of a protective order and the court has entered such protective order, Mr. Payne's motion to compel is denied as to this interrogatory. See Docket Nos. 54 and 55.

Belgarde objected to the relevance of providing non-party medical records (Interrogatory 9). See Docket No. 48 at 10. This objection is proper, as private medical histories are not reasonably calculated to lead to the discovery of any relevant evidence, when Mr. Payne's claims do not deal with the health of Belgarde's employees other than himself. Mr. Payne's motion to compel is denied as to this interrogatory.

Belgarde objected to Mr. Payne's interrogatory "Have you ever filed a lawsuit?" (Interrogatory 10) on the grounds of the general objection and relevance. See id. As discussed above, non-party witnesses need not answer interrogatories. Belgarde did provide a list of lawsuits to which the corporate

14

entity has been a party during the past five years "exclusive of eviction actions, landlord/tenant rental lawsuits, and protection order/no trespassing suits as Belgarde does not keep track of this information." Id.  Mr. Payne does not carry his burden of demonstrating the threshold relevance of knowing whether any of his former co-workers have been involved in any prior lawsuits. Accordingly, Mr. Payne's motion to compel is denied as to this interrogatory.

Mr. Payne requested that the listed non-party witnesses disclose misdemeanor and felony convictions (Interrogatories 11 and 12).  See Docket No. 37-3.  As discussed above, only Belgarde is required to respond to Mr. Payne's interrogatories.  Belgarde objected as to the relevance of asking every owner and employee if he or she has any prior conviction(s).  See Docket No. 48 at 11.  Belgarde stated that it would supplement its answers to these interrogatories if Belgarde planned to call a witness at trial who has any prior conviction(s).  Id.  Mr. Payne's motion to compel is denied as to these interrogatories.

After reviewing Belgarde's responses to Mr. Payne's requests for production and interrogatories, this court finds there is nothing left to compel Belgarde to produce or answer.  Belgarde agreed to provide the requested discoverable documents upon the issuance of the protective order.  The court has noted where Belgarde made proper objections to Mr. Payne's requests and interrogatories.  Accordingly, it is hereby

ORDERED that plaintiff's motion to compel [Docket No. 37] is denied based upon the reasons discussed above.

Dated November 29, 2012.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE